UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NOLAN WHITING, JAIME WHITING,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | 4:24-CV-04169-RAL<br><br>ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT |

Plaintiffs Nolan Whiting and Jaime Whiting on November 1, 2024, filed a Motion for Entry of Default Judgment, Doc. 8, after the Clerk of Court on October 23, 2024, filed the Clerk's Entry of Default. Doc. 6. Plaintiffs, on September 25, 2024, properly served Defendant's registered agent in South Dakota, Corporation Service Company (CSC), but CSC evidently did not notify Defendant State Auto Property and Casualty Company of service. Docs. 13, 13-1, 21, 21-1. Upon learning of this lawsuit when Plaintiffs' attorney sent an email on November 1, 2024, with default judgment materials, Defendant on November 7, 2024, filed Defendant's Motion to Set Aside Entry of Default and Extend Time to Answer, Doc. 11.

The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c); Johnson v. Leonard, 929 F.3d 569, 573 (8th Cir. 2019). "To determine whether good cause exists, this [C]ourt considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and

(3) prejudice to the other party by setting aside default." Leonard, 929 F.3d at 573 (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

This Court has reviewed the briefing and affidavits submitted, Docs. 12, 13, 15, 16, 18, 20, 21, as well as the Complaint and proposed Answer and Affirmative Defenses, Docs. 1, 16-1. Culpability for the failure to answer appears to rest with Defendant's registered agent CSC and not directly with Defendant. Defendant appears to have colorable and potentially meritorious defenses to Plaintiffs' claims of breach of contract, declaratory judgment, and bad faith related to Defendant's alleged mishandling of a property damage claim related to Plaintiffs' residence insured by Defendant. There appears to be relatively little prejudice to Plaintiffs from setting aside the default judgment. After all, prejudice to justify not setting aside a default judgment typically means a "concrete harm, like 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Leonard, 929 F.3d at 573 (quoting Johnson, 140 F.3d at 785). Therefore, it is

ORDERED that Defendant's Motion to Set Aside Entry of Default and Extend Time to Answer, Doc. 11, is granted and that Plaintiffs' Motion for Entry of Default Judgment, Doc. 8, is denied. It is further

ORDERED that Defendant has fourteen days from this order to file its proposed Answer and Affirmative Defenses, Doc. 16-1, after which this court will enter an order for scheduling report.

DATED this 19th day of December, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE